UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| BELSOME ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 12-2173 |
| REX VENTURE GROUP, LLC. ET AL. | SECTION: "J" (1) |

**ORDER AND REASONS**

Before the Court are Intervenor Kenneth Bell's and Defendant Paul Burks' **Motions to Stay and Transfer (Rec. Docs. 13, 19)**, Plaintiffs' opposition to both **(Rec. Doc. 24)**, and Defendant and Intervenor's replies thereto **(Rec. Docs. 35, 38)**. The motions are set for hearing on December 5, 2012. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **GRANTED** for the reasons set out more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This is a class action filed on behalf of individuals and entities who invested in a high yield investment program (ponzi scheme) run by Rex Venture Groups, LLC between January 1, 1997

1

through the present. Plaintiffs seek damages for alleged violations of the Securities Exchange Act, 15 U.S.C. §§ 78j, 78t(a), and Rule 10b-5 as well as related state laws. On August 24, 2012, Plaintiffs filed this action on behalf of themselves and putative class members, naming as Defendants Rex Venture Group, LLC d/b/a www.ZeekRewards.com ("Rex Venture") and Paul Burks ("Mr. Burks" or "Defendant Burks"), Rex Venture's principal.

In their complaint, Plaintiffs allege that Defendants solicited their, and other similarly situated individuals', participation in the ZeekRewards program, which operated penny auctions. Plaintiffs assert that the ZeekRewards program was actually a massive ponzi and pyramid scheme through which Defendants received more than $600 million from approximately one-million investors worldwide.[1] Plaintiffs assert that Defendants obtained approximately $38,250.00 directly from them.

On October 25, 2012, Kenneth Bell ("Mr. Bell") filed a motion to intervene in the instant action. In his motion, Mr. Bell explained that he had been appointed as the Receiver for Rex Venture in conjunction with an August 17, 2012 civil action filed

---

[1] Plaintiffs note in paragraph four of their complaint that they learned "that ZeekRewards was in fact a massive Ponzi and Pyramid scheme when the Securities and Exchange Commission ("SEC") filed suit in Rex Venture's home state of North Carolina" on August 17, 2012. Compl., Rec. Doc. 1, p. 2, ¶ 4.

by the Securities and Exchange Commission ("SEC") against Rex Venture and Paul Burks in the United States District Court for the Western District of North Carolina. Mr. Bell's motion explained that, in appointing him as Receiver, the North Carolina court had entered an order which froze all of Rex Venture's assets, dismissed its attorneys, and authorized Mr. Bell, "to take custody, control, and possession of all [of Rex Venture's] property [] pending further order from the United States District Court for the Western District of North Carolina [and] to take such action as necessary and appropriate for the preservation of [Rex Venture's] property or to prevent the dissipation of [Rex Venture's] property; and to resist and defend all suits, actions, claims, and demands against [Rex Venture]." Mot. to Intervene, Rec. Doc. 7, p. 3, ¶ 2. Mr. Bell further explained that the order issued by the North Carolina court had also included a stay of all other civil legal proceedings which involved Rex Venture's "past or present officers, members, agents, etc. and all receivership property." Mot. to Intervene, Rec. Doc. 7, p. 3, ¶ 5. Accordingly, Mr. Bell's motion asserted that he had a legal interest related to the property and claims filed in the instant action and, therefore, that this Court should allow him to intervene. On October 30, 2012, this Court granted Mr. Bell's

request to intervene as the Receiver for Rex Venture.

On October 30, 2012, Mr. Bell, as Intervenor, filed the instant Motion to Stay and Transfer. On November 5, 2012, Defendant Burks also filed his own Motion to Stay and Transfer. Plaintiffs filed an opposition to the motions on November 13, 2012, with both Defendant Burks and the Mr. Bell filing replies on November 28, 2012.

## THE PARTIES' ARGUMENTS

In their motions, Mr. Bell and the Defendant Burks (collectively, the "moving parties") argue that this action should be stayed because it falls under the scope of the stay entered in connection with the August 17, 2012 action filed in the Western District of North Carolina. The moving parties assert that the North Carolina stay applies to "[a]ll civil legal proceedings of any nature" that include the "Receivership Defendants" and any of their "past or present officers, directors, members, managers, agents or limited partners." Intervenor's Mem. in Supp., Rec. Doc. 13-1, p. 3 (quoting SEC v. Rex Ventures Grp., LLC et al., No. 12-519, Order Appointing Temporary Receiver and Freezing Assets of Def. Rex Venture Grp. LLC, pp. 15-17 (W.D.N.C. Aug. 17, 2012)). The moving parties assert that the "Receivership Defendants" include Rex Ventures

4

and Paul Burks, the Defendants in the instant suit. Furthermore, the moving parties report that the North Carolina order goes on to require that "[a]ll Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action under further Order of this Court. . . ."[2] As such, the moving parties argue that the instant action falls within the scope of the North Carolina order and, therefore, should be stayed.

In addition, the moving parties also argue that this Court should transfer the instant action to the Western District of North Carolina. The parties contend that the public and private interest factors that courts use to determine when transfer is appropriate weigh in favor of transferring this case because "the activities at issue were centered in North Carolina and the primary parties and witnesses are located in North Carolina." Intervenor's Mem. in Supp., Rec. Doc. 13-1, p. 4. In particular, the moving parties argue that all of the private interest factors weigh in favor of transfer. They contend that the Defendants are

---

[2] Intervenor's Mem. in Supp., Rec. Doc. 13-1, p. 3 (quoting SEC v. Rex Ventures Grp., LLC et al., No. 12-519, Order Appointing Temporary Receiver and Freezing Assets of Def. Rex Venture Grp. LLC, p. 16, ¶ 34 (W.D.N.C. Aug. 17, 2012)). It should be noted that the term "Ancillary Proceedings" in the North Carolina order refers to any civil action filed against the Receivership Defendants. SEC v. Rex Ventures Grp., LLC et al., No. 12-519, Order Appointing Temporary Receiver and Freezing Assets of Def. Rex Venture Grp. LLC, pp. 15-17, ¶ 34 (W.D.N.C. Aug. 17, 2012).

located in the Western District of North Carolina and, therefore, the majority of the evidence in this case is also located there. In addition, they assert that the vast majority of witnesses are also located in the Western District of North Carolina. Thus, they argue, the compulsory process as well as the practical costs of transportation and trial preparation require that the case be heard in North Carolina. The moving parties contend that transfer will allow the case to proceed more expeditiously and inexpensively. Furthermore, the moving parties aver that three of the public interest factors are neutral, and that one of them weighs in favor of transfer to the Western District of North Carolina. The moving parties contend that because the company defendants and its agents are located there, the Western District of North Carolina has a localized interest in hearing the case. Lastly, the moving parties assert that the weight that should be attributed to the Plaintiffs' choice of forum is considerably diminished, because Plaintiffs represent a large class that includes individuals who are not from Louisiana, and any class member could provide support for moving the case to any number of different forums.

In response, Plaintiffs argue that this Court should deny the moving parties' request to stay the action and transfer the case. With respect to the stay, Plaintiffs contend that the

moving parties have not demonstrated a need for a stay, other than stating that it fits within the scope of the North Carolina court's order. Plaintiffs argue, conversely, that this suit does not fit within the scope of the North Carolina stay, because the Receiver would not have standing to sue on behalf of the Plaintiffs. Plaintiffs argue that, therefore, they should be allowed to sue on their own behalves, in their chosen forum. Plaintiffs contend that to the extent that the North Carolina stay applies, the scope of the North Carolina stay is over broad and is an abuse of the North Carolina court's discretion, precisely because the Receiver would have no ability to sue on behalf of the Plaintiffs.

Furthermore, Plaintiffs aver that the moving parties have not carried their burden of demonstrating why the "interests of justice" require the Court to transfer this case. Plaintiffs assert that the moving parties must provide the Court with affidavits which point out: (1) specific witnesses who will be inconvenienced by having a trial in Louisiana, (2) specific reasons as to why the chosen Louisiana forum would inconvenience those witnesses, and (3) a generalized statement of what those witnesses would testify about, before the Court can consider transferring this case. Plaintiffs argue that the moving parties arguments for transfer do not demonstrate that transferring this

7

case will balance the inconveniences of a Louisiana forum between Plaintiffs and Defendants, but rather, they merely shift the inconvenience to the nonmoving party, which weighs against transfer. In addition, Plaintiffs contend that the fraud alleged in this suit was the result of statements that were made online via YouTube videos and online marketing. Therefore, Plaintiffs argue that the relevant evidence can be obtained in any district, not just the Western District of North Carolina, thereby weighing in favor of keeping the suit in this Court. Lastly, Plaintiffs aver that there is no other case in North Carolina which seeks to redress the same issues that are at issue in this suit; therefore, keeping the suit in this forum is still proper with respect to judicial economy.

In reply, Defendant Burks asserts that Plaintiffs' arguments are misguided. In particular, Defendant Burks argues that the instant suit fits squarely within the language of the North Carolina stay, and that, if the Plaintiffs wish to challenge the stay itself, they should have sought leave to file their action in the Western District of North Carolina. Defendant argues that the Plaintiffs' actions in this Court seek to circumvent the actions of the North Carolina court and are contemptuous. Furthermore, Defendant Burks argues that, with respect to judicial economy and the administration of judicial resources,

allowing this action to proceed in this Court would be a poor use of judicial resources, because the outcome would likely be set aside by the Receiver in the North Carolina action after-the-fact.

In response to Plaintiffs' arguments regarding transfer, both Defendant Burks and Mr. Bell have submitted sworn affidavits which list specific witnesses who will likely testify and who are located in North Carolina. The affidavits also set out specific hardships associated with those witnesses testifying and/or traveling to Louisiana. Furthermore, the moving parties also note that in addition to the August 17, 2012 SEC action, a similar class action was filed in a state court in North Carolina which seeks to redress the same issues and, therefore, warrants giving even less weight to the Plaintiffs' forum choice. Lastly, in his reply, Mr. Bell contends that, in actuality, it may be more prudent for this Court not to address the question of whether to stay the case and, instead, to simply transfer the case to the Western District of North Carolina, allowing that court to address the arguments raised by all of the parties in this case.

## DISCUSSION

The Court finds that this case should be transferred to the Western District of North Carolina. A district court may transfer an action to any other district where the plaintiff could have

originally filed suit "for the convenience of the parties and the witnesses" when such a transfer is "in the interest of justice." 28 U.S.C. § 1404(a). Such transfers are committed to "'the sound discretion of the transferring judge.'" <u>Mills v. Beech Aircraft Corp., Inc.</u>, 886 F. 2d 758, 761 (5th Cir. 1989) (quoting <u>Jarvis Christian Coll. v. Exxon Corp.</u>, 845 F.2d 523, 528 (5th Cir. 1988)). Although a plaintiff's choice of forum is clearly important, that choice is "neither conclusive nor determinative." <u>In re Horseshoe Entm't</u>, 337 F.3d 429, 434–35 (5th Cir. 2003). Furthermore, in class actions where there are many potential plaintiffs who could all equally demonstrate a right to many different home forums, a plaintiff's claim that his home forum is appropriate is "considerably weakened." <u>Koster v. (Am.) Lumbermens Mut. Cas. Co.</u>, 330 U.S. 518, 524 (1947). In making a determination about whether a case should be transferred, the transferring judge may consider the private and public interest factors. <u>In re Volkswagen of Am., Inc.</u>, 545 F.3d 304, 315 (5th Cir. 2008) ("Volkswagen II").

The private interest factors a court should consider include: (1) "the relative ease of access to sources of proof;" (2) availability of witnesses; (3) possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy,

expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)). The relevant public interest factors are: (1) the administrative difficulties created by court congestion; (2) the interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the state law that must govern the case; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law. Id. The above-listed factors are not necessarily exhaustive or exclusive, and none should be given dispositive weight. Volkswagen II, 545 F.3d at 315 (citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004)).

In the instant case, the Court finds that the private and public interest factors weigh in favor of transferring this case to the Western District of North Carolina. In making this determination, the Court finds the arguments and affidavits presented by the moving parties persuasive. For example, with respect to the first private interest factor, "the relative ease of access to sources of proof," as the moving parties have noted, the primary Defendant in this action, Rex Ventures, is located in

the Western District of North Carolina. Likewise, the Defendant's offices, employees, and records are also located in Charlotte, North Carolina under the control of the Receiver. See Burks Aff., Rec. Doc. 35-3, pp. 2, 4, ¶¶ 5-7,14; Bell Aff., Rec. Doc. 38-1, p. 4, ¶¶ 13-14. Although Plaintiff has argued that much of the fraudulent information at issue is available on the internet and, therefore, available anywhere, that argument does not sufficiently undercut the fact that the majority of all material evidence that is not available on the internet is located in the Western District of North Carolina, thereby weighing in favor of transferring the case.

Likewise, the Court finds that the second and fourth private interest factors also weigh in favor of transferring the case to the Western District of North Carolina. In particular, the Court notes that the affidavits submitted by the moving parties demonstrate that a number of company witnesses who would be called to testify and/or give depositions reside in North Carolina and, furthermore, that some of these witnesses would undergo serious hardship in traveling to Louisiana. See Burks Aff., Rec. Doc. 35-3, p. 2-4, ¶¶ 9 – 12 (noting that Defendant Burks would serve as a witness and would have hardship traveling due to a medical condition and his need to care for his wife who has suffered from cancer and a stroke, and also noting specific

material employee witnesses who all reside in North Carolina); Bell Aff., Rec. Doc. 38-1, pp. 3-4, ¶¶ 10-12 (noting specific material witnesses that live in North Carolina, other material witnesses that live in states other than North Carolina (but have no connection to Louisiana), and stating that no material witnesses live in Louisiana). The Court also finds that the third private interest factor likely does not apply in this case and, therefore, is neutral. As such, the great weight of the private interest factors indicate that this Court should transfer the instant case to the Western District of North Carolina.

With respect to the public interest factors, the Court finds that for the most part, they are neutral in relation to the instant action. However, to the extent that these factors encourage judicial economy and the avoidance of unnecessary conflicts, the Court finds that the fact that there are two related cases in North Carolina weighs in favor of transferring the instant action. In particular, the Court notes that one of the related cases could likely result in the setting aside of any judgment in this case, and the other concerns the same issues present in this case.

Furthermore, because the Court finds that this case should be transferred to the Western District of North Carolina, it will not address the parties' arguments with respect to staying this

case. While it appears likely that this case falls within the scope of the North Carolina stay as it is currently written, the Court believes that Plaintiffs' challenges to the scope of the stay, as well as Plaintiffs' arguments with regard to standing, are better suited for the issuing court. Therefore, the Court declines to make any findings on this point. Accordingly,

**IT IS HEREBY ORDERED** that the Intervenor and Defendant's motions are **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter is **TRANSFERRED** to the United States District Court for the Western District of North Carolina.

New Orleans, Louisiana this 3rd day of December, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE